USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/02/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN ZAYAS, Individually and on Behalf of all Others Similarly Situated,<br><br>                           Plaintiff<br><br>- against -<br><br>JLM VENTURE IV LLC and 5 BROTHERS GOURMET DELI INC.<br><br>                           Defendants | 22cv9872 (VEC)(OTW) |

**ORDER AND JUDGMENT AGAINST DEFENDANT 5 BROTHERS GOURMET DELI INC. PURSANT TO FRCP 55(B)(2)**

       This matter came before the Court on Plaintiff's application for entry of default judgment against Defendant 5 Brothers Gourmet Deli Inc., under Rule 55(b)(2) of the Federal Rules of Civil Procedure. After having considered the arguments and authorities submitted by the Plaintiff, the Court finds as follows:

       1.      On December 2, 2022, Defendant 5 Brothers Gourmet Deli Inc. was properly served with the summons and complaint of this action. Proper service was certified to this Court with affidavit of service filed on April 21, 2023. (*See*, Dkt. Docs. #38).

       2.      An Amended Complaint was filed on April 20, 2023, Dkt. Docs. #34, and a copy of the Summons and Amended Complaint were served on Defendant 5 Brothers Gourmet Deli Inc. by personally serving Defendant 5 Brothers Gourmet Deli Inc. via the Secretary of State of New York, and proof of service was therefore filed on April 27, 2023, Dkt. Docs. #43.

       3.      Defendant 5 Brothers Gourmet Deli Inc. has not answered or otherwise moved with respect to the complaint, and the time for Defendant 5 Brothers Gourmet Deli Inc. to answer or otherwise move has not been extended.

4.      As Defendant 5 Brothers Gourmet Deli Inc, is a corporation, it is not in military service and cannot be an infant or incompetent person within the meaning of Rule 55(a) of the Federal Rules of Civil Procedure.

5.      A default was entered by the Clerk of the Court against Defendants on May 15, 2023, Dkt. Doc. #58.

6.      Plaintiff's complaint sets forth allegations of Defendants' unlawful discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12182, New York State Human Rights Laws § 296.2, and New York State Civil Rights Laws §§ 40-c and 40-d.

7.      Defendant 5 Brothers Gourmet Deli Inc. leases and operates the property that houses a public accommodation and as result of architectural barriers, Plaintiff was denied access and opportunity to participate in or benefit from these services or accommodations on the basis of his disability. (*See,* Dkt. Doc. #34; Amended Complaint).

8.      Defendants have failed to remove all architectural barriers that are structural in nature in violation of 42 U.S.C. § 12182(b)(2)(A)(iv). (*See,* Dkt. Doc. #34; Amended Complaint ¶ 53).

9.      Defendants failed to make alterations to their public accommodation pursuant to the 1991 Standard and 2010 Standard. (*See,* Dkt. Doc. #34; Amended Complaint ¶ 56).

10.     Defendants have discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a). (*See,* Dkt. Doc. #34; Amended Complaint ¶ 64).

11.     Defendants failed to make the necessary readily achievable modifications to its public accommodation. (*See,* Dkt. Doc. #34; Amended Complaint ¶ 58).

12. By virtue of the default, Defendant 5 Brothers Gourmet Deli Inc. has not challenged any of the allegations.

13. The terms of relief sought in the requested judgment are fully justified by the facts shown in the attached Affirmation of James E. Bahamonde.

14. The application for attorney's fees in the amount of $7,684.50 is unreasonable. While Plaintiff's counsel has practiced civil rights law for 20 years, the Court finds that Plaintiff's requested hourly rate of $545 is excessive. *See* Bahamonde Decl., Dkt. 61 ¶¶ 36, 46. In determining a reasonable hourly rate, the Court considers the skill required for a routine ADA discrimination case and default judgment motion, and "the ability of" Plaintiff's counsel, who failed numerous times properly to follow the Court's orders. *Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019); *see also* Dkts. 20, 28, 31, 42, 52. The Court finds that an appropriately hourly rate is $400. *See Independence Project, Inc. v. Ventresca Bros. Construction Co., Inc.*, 397 F. Supp. 3d 482, 496 (S.D.N.Y. 2019) (awarding ADA attorney who had "vast experience with civil rights and ADA cases" an hourly rate of $400); *see also Jaquez v. Brilliant Home Tech., Inc.*, 2022 WL 951108, at *5 (S.D.N.Y. Mar. 30, 2022) (noting that "the prevailing rate in the Southern District for ADA cases is around $400," *id.* (internal quotation omitted)).

The Court further finds that counsel's bill for 14.1 hours is unreasonable. Plaintiff has billed 12.3 hours for filing a standard motion for default judgment and 0.4 hours for responding to the Court's Order to Show Cause why Defendant 5 Brothers Gourmet Deli Inc. should not be dismissed because of Plaintiff's failure to file proof of service of the court's order. The Court finds that the time billed for counsel's response to the Order to Show Cause why Defendant 5 Brothers Gourmet Deli Inc. should not be dismissed due to counsel's lapse in filing proof of service is entirely inappropriate. Moreover, if Plaintiff's counsel truly spent the amount of time preparing for a default judgment motion that he represents he did, the hourly rate granted to him is

excessive. The Court accordingly reduces the number of compensable hours to 13.7 hours and additionally finds that a 50% reduction of time billed is appropriate. The resulting 6.85 hours is a generous estimate of the number of hours that an attorney of Plaintiff's counsel's vintage reasonably could have been billed this matter.

Accordingly, Plaintiff's counsel is awarded $2,740 in attorneys' fees from Defendant 5 Brothers Gourmet Deli Inc. This judgment shall bear interest at the judgment rate from the date of entry until paid.

THEREFORE, IT IS ADJUDGED AND ORDERED that:

1. Defendant 5 Brothers Gourmet Deli Inc. is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq*, and New York City Human Rights Law, Admin. Code § 8-107, *et seq*.

2. Defendant 5 Brothers Gourmet Deli Inc. is enjoined from discriminating against Plaintiff in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq*, and New York City Human Rights Law, Admin. Code § 8-107, *et seq*.

3. An award of reasonable attorney's fees in the amount of $2,740.

This Court shall retain jurisdiction over this matter December 31, 2023 to enforce this Order, and to award such damages, equitable or other relief as the Court deems just and proper.

**SO ORDERED.**

Date: **June 2, 2023**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**